IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JESUS LUNA,                                 § | | |
|     Petitioner,                      § | | |
|                                              § | | |
| v.                                                    § | | Civil Action No. 4:05-CV-168-A |
|                                              § | | |
| DOUGLAS DRETKE, DIRECTOR,   § | | |
| TEXAS DEPARTMENT OF CRIMINAL § | | |
| JUSTICE, CORRECTIONAL INSTITUTIONS § | | |
| DIVISION                                     § | | |
|     Respondent.                     § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Jesus Luna, TDCJ-ID #820840, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, and is presently incarcerated in Amarillo, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURE HISTORY

Luna was charged in the underlying state criminal case with aggravated sexual assault of a

child younger than fourteen years of age. (Clerk's R. at 2.) Prior to trial, DNA-RFLP analytical testing was conducted by the medical examiner on various pieces of evidence in the case. (Clerk's R. at 18A-20.) The testing revealed Luna's semen on a comforter and on the victim's panties. (*Id.* at 19-20.) The medical examiner concluded that the probability that the semen came from an unrelated person matching Luna's DNA-RFLP profile was 1 in greater than 5.5 billion for Caucasians, 1 in greater than 5.5 billion for African-Americans, 1 in 5.2 billion for Southeastern Hispanics, and 1 in 1 billion for Southwestern Hispanics. (*Id.* at 20.) In addition to the DNA evidence, Luna's wife gave a written statement to police detailing the events leading to her discovery of the sexual assault and her actions thereafter. (*Id.* at 21-22.)

On March 6, 1998, Luna entered an open plea of guilty to the charged offense and was sentenced to forty-five years' confinement. (*Id.* at 5.) Luna did not appeal his conviction. (Petition at 3.) On November 1, 2001, Luna filed a motion for forensic DNA testing under chapter 64 of the Texas Code of Criminal Procedure in the convicting court. (*Id.* at 7.) In the motion, he sought new DNA testing of the evidence previously subjected to DNA testing. (*Id.* at 7-9.) The trial court denied the motion on January 2, 2003, on the basis that Luna had failed to meet the statutory requirements under article 64.03. (*Id.* at 23.) TEX. CODE CRIM. PROC. ANN. art. 64.03 (Vernon Supp. 2005). The Second District Court of Appeals affirmed the trial court's judgment on August 14, 2003. *Luna v. Texas*, No. 2-03-012-CR, slip op. (Tex. App.–Fort Worth Aug. 14, 2003) (not designated for publication). On February 18, 2004, the Texas Court of Criminal Appeals denied Luna's petition for discretionary review. *Luna v. Texas*, PDR No. 1522-03.

Luna has filed three state applications for writ of habeas corpus challenging his conviction, the latter of which is relevant to his motion for DNA testing. The first, filed on June 9, 2000, was

denied without written order by Court of Criminal Appeals on July 12, 2000. (1State Habeas R. at cover.)[1] The second, filed on October 17, 2000, was dismissed by the Court of Criminal Appeals as successive on November 8, 2000. (2State Habeas R. at cover.) The third, filed on June 21, 2004, was denied without written order by the Court of Criminal Appeals on January 12, 2005. (3State Habeas R. at cover.) Luna has also filed a previous federal petition for writ of habeas corpus challenging his conviction, which was denied on limitations grounds on October 29, 2001. *Luna v. Cockrell*, No. 4:01-CV-221-A. This petition was filed on February 26, 2005.[2]

### D. ISSUES

Luna raises four grounds for relief:

  (1)  The trial court improperly considered his guilty plea in denying his motion for DNA testing;
  (2)  The trial court denied him a fair and impartial hearing on the motion;
  (3)  The trial court relied upon improper testimony in denying the motion; and
  (4)  There was no evidence. (Petition at 7-8.)

### E. RULE 5 STATEMENT

Dretke has filed a motion to dismiss and preliminary response with brief in support, in which he seeks dismissal of the petition as successive or, in the alternative, as time-barred. (Resp't Motion to Dismiss at 2- 9.) 28 U.S.C. § 2244(b)(3)(A), (d).

### F. SUCCESSIVE

28 U.S.C. § 2244(b) requires dismissal of a claim presented in a second or successive

---

[1] "1State Habeas R." refers to the court record of Luna's state habeas application no. 45,990-01; "2State Habeas R." refers to the court record of his state habeas application no. 45,990-02; "3State Habeas R." refers to the court record of his state habeas application no. 45,990-03.

[2] A pro se habeas petition is filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

petition filed by a state prisoner under § 2254 that was or could have been presented in a prior petition unless–

> (A) the application shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(1)-(2). Further, before such a petition is filed in federal district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals. *Id.* § 2244(b)(3).

Luna contends his petition should not be barred because his claims could not have been presented earlier given that the state statutory provisions allowing a convicted person to file a motion for DNA testing did not become effective until April 5, 2001, after he filed his first federal petition. As noted, before Luna's 1998 plea proceeding, there was DNA testing conducted. The forensic report reflects that the items extracted for DNA-RFLP analysis included a known blood stain from both Luna and the victim, an "epithelial fraction" from the comforter and from the victim's panties, and a "sperm fraction" from the comforter and from the victim's panties. (Clerk's R. at 19.) Luna points out that the quantity of DNA extracted from the epithelial fractions from the comforter and the panties was either insufficient or was degraded to such an extent that DNA-RFLP profiles were not able to be obtained. (*Id.*) Yet he presents no proof that any testing methods developed in recent years were not previously available or that new testing would render a different, more favorable result. Nevertheless, even assuming he could satisfy the requirements for a second

4

or successive petition, he must first seek an order authorizing this court to consider his claims from the Fifth Circuit Court of Appeals. *See In re McGinn*, 213 F.3d 884, 885 (5th Cir. 2000); *Rogers v. Cockrell*, No.4:02-CV-954-Y, 2003 WL 21246099, at *2 (N.D. Tex. Apr. 14, 2003).

## II. RECOMMENDATION

Dretke's motion to dismiss Luna's petition for writ of habeas corpus under 28 U.S.C. §2254 should be granted, and the petition should be dismissed without prejudice to Luna's right to file a motion for leave to file a successive petition in the United States District Court of Appeals for the Fifth Circuit under 28 U.S.C. §2244(b)(3)(A).

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 3 2005. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th

5

Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until June 3, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 13, 2005.

/s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE